**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CROSSPOINTE, LLC,

      Plaintiff,

vs.                                          CASE NO. 6:03-CV-558-ORL-19JGG

INTEGRATED COMPUTING, INC.,
SMARTWEB TECHNOLOGY, INC.,
DAVID SCOTT, BILL W. MERRYMAN,
and MICHELLE FARAHBAKSH,

      Defendants.

## ORDER

This case was considered by the Court on the following matters:

1. Crosspointe's Motion for Remittitur or, in the alternative, for a New Trial on Damages for Count XII of the Second Amended Counterclaim and For a Stay of Execution on the Judgment for Count XII of the Second Amended Counterclaim (Doc. No. 523, filed February 3, 2005) and Defendants' Opposition to Crosspointe's Motion for Remittitur or, in the alternative, for a New Trial on Damages for Count XII of the Second Amended Counterclaim and for a Stay of Execution on the Judgment for Count XII of the Second Amended Counterclaim (Doc. No. 538, filed February 14, 2005).

CrossPointe, LLC asks for a remittitur or new trial on the issue of damages on Count XII of the Second Amended Counterclaim on grounds of insufficient evidence and asks for a stay of execution (Doc. No. 523). The Court notes that no execution is reflected in the Court file to the date of this Order, and on appeal CrossPointe, LLC must comply with the Rules of Court on obtaining a stay and supplying an acceptable supersedeas bond.

The Jury found in answer to Questions 19a and 19b of the verdict that Integrated Computing Inc. had proven by a preponderance of the evidence against CrossPointe, LLC its claim for breach of contract relating to the sales and maintenance of Facilities Management and assessed damages in the amount of $50,000.00. While the parties focused on their closing arguments on the Dekalb County contract, the evidence on this issue was more complex. For instance David Scott testified that Educational Data Resources, Inc. ("EDR") had an agreement to market Facilities Management ("FM"), a suite of products, to school districts and to provide a percentage of the license fees from FM to Integrated Computing, Inc. (Plaintiffs's Exhibit 198). This agreement provided that Integrated Computing, Inc. owned the source code for the Facilities Management Fixed Assets component. CrossPointe stepped into the shoes of EDR in December of 2000 through a series of documents which transferred EDR's assets to it. (*See*, *e.g.,* Plaintiff's Exhibit 7). In addition to the evidence that Facilities Management had been installed in the DeKalb County School District, there was evidence that other school districts also had Facilities Management installed. Mr. Scott testified to a list of school districts that had Facilities Management and the fees that had been due to Integrated Computing, Inc. for this program (Defendant's Exhibit 376). Mr. Scott testified that after the conveyance from EDR to CrossPointe, Integrated Computing, Inc. had not received "one nickel" from CrossPointe for installing or maintaining Facilities Management. He further stated that Ms. Joan Keebler had announced at the November 2002 meeting of the TERMS USERS GROUP that CrossPointe was rewriting components of Facilities Management. Scott testified that Keebler on behalf of CrossPointe tried to buy Facilities Management from Integrated Computing, that her offer of purchase was refused, and that Keebler told Scott that she was

removing the Facilities Management Code from the TERMS programs CrossPointe had purchased from EDR and was licensing to school districts. Scott testified that CrossPointe received $900.00 per month from Pasco County that Integrated Computing should have gotten, that Integrated received no payment from CrossPointe on its contract with the DeKalb School District which included Facilities Management, and that there had been no accounting from CrossPointe as to other school districts that had Facilities Management. Additionally Scott testified that CrossPointe sent a notification to the school districts that CrossPointe would provide maintenance on Facilities Management for free, which would eliminate the portion of the fees which would be paid to Integrated Computing, at the same time CrossPointe was raising its maintenance fees on the other TERMS programs. He further testified that CrossPointe attempted to get the school districts to sign a new restrictive maintenance agreement that would eliminate Integrated Computing Inc. as a performer of maintenance on the TERMS products which would include Facilities Management. Scott stated that several weeks before the trial he had visited the Dekalb County School District and seen Facilities Management still installed on its system.

Joan Keebler, President of CrossPointe, testified that Facilities Management was a weak product, that there were better products in the market place, that CrossPointe did not demonstrate Facilities Management after the fall of 2001 when it was shown to Brevard County, and that CrossPointe was rewriting the product so that it would become competitive. She stated that Facilities Management was only sold in ten schools. While denying receiving license fees for previous sales of Facilities Management, Keebler admitted that Pasco County had paid monthly maintenance and that some school districts paid for all of the TERMS series, including Facilities Management. She testified that CrossPointe performed

maintenance on Facilities Management, and that maintenance meant maintaining the source code plus giving the clients the enhancements for the program. Ms. Keebler averred that when CrossPointe purchased EDR, it obtained all the proprietary contracts to sell, maintain and market Facilities Management. She further testified that David Scott had agreed that CrossPointe could provide maintenance on Facilities Management for free, a statement which Scott denied. Ms. Keebler claimed that while CrossPointe had the right to market and sell Facilities Management, CrossPointe was not promoting this program. She admitted that Facilities Management had been licensed to the Clay County school district. She also stated that CrossPointe had received at least one check for $5000.00 in payment for Facilities Management, but she had not paid Integrated Computing any money because she did not know to whom to write the check.

The Jury resolved conflicts in the evidence, including but not limited to those noted above, on the issues of breach of contract relating to sales and maintenance of Facilities Management in favor of Integrated Computing and against CrossPointe, LLC. There is ample evidence to support this verdict and the assessment of $50,000.00 in damages, including but not limited to the DeKalb County license as well as other licenses that included Facilities Management.

CrossPointe's Motion for Remittitur or, in the alternative, for a New Trial on Damages for Count XII of the Second Amended Counterclaim and for a Stay of Execution on the Judgment for Count XII of the Second Amended Counterclaim (Doc. No. 523) is **DENIED.**

2.     Defendants' Motion and Memorandum for a New Trial (Doc. No. 525, filed February 3, 2005) and Opposition to Defendants' Motion for New Trial (Doc. No. 536, filed

February 14, 2005).

Upon consideration, Defendants' Motion and Memorandum for a New Trial (Doc. No. 525) is **DENIED.**

3. Defendants' Motion and Memorandum for Judgment Notwithstanding the Verdict (Doc. No. 526, filed February 3, 2005), Notice of Filing Exhibits to Motion for Judgment Notwithstanding the Verdict (Doc. No. 527, filed February 3, 2005), Notice of Scrivener's Error to Motion for Judgment Notwithstanding the Verdict (Doc. No. 529, filed February 4, 2005) and Plaintiff, CrossPointe, LLC, and Third Party Defendants, CrossPointe, Inc., John Keebler and Joan Keebler's Opposition to Defendants' Motion for Judgment Notwithstanding the Verdict (Doc. No. 537, filed February 14, 2005).

Upon consideration, Defendants' Motion and Memorandum for Judgment Notwithstanding the Verdict (Doc. No. 526) is **DENIED.**

**DONE AND ORDERED** at Orlando, Florida, this ___19th___ day of May, 2005.

_[signature]_

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:

All Counsel of Record