**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CROSSPOINTE, LLC, a corporation,**

    **Plaintiff,**

**-vs-**                                                   **Case No.  6:03-cv-558-Orl-19KRS**

**INTEGRATED COMPUTING, INC., a Florida corporation, SMARTWEB TECHNOLOGY, INC., a Florida corporation, DAVID SCOTT, a citizen of Florida, BILL W. MERRYMAN, a citizen of Florida, and MICHELLE FARAHBAKSH, a citizen of Florida.**

    **Defendants.**
_____

## ORDER

This case comes before the Court on the Motion for Reconsideration (Doc. No. 567, filed on September 6, 2005) filed by the law firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A. ("counsel"). Counsel requests reconsideration of the portion of the Court's Order which denied in part its appeal of the Magistrate Judge's Order. (Doc. No. 566, filed on August 25, 2005).

After judgment was entered in the instant case and Defendants had filed a Notice of Appeal, counsel moved this Court to allow it to withdraw from representation of Defendants, citing disagreements regarding the representation.[1] (Doc. No. 562, filed on August 11, 2005). The Magistrate Judge denied such motion without prejudice, noting the possibility of remand

---

[1] Counsel has now stated via affidavit that the "disagreement" involves the non-payment of over $600,000 in legal fees. (Doc. No. 567-2, p.2, filed on September 6, 2005).

-1-

after appeal and citing Local Rule 2.03(d) which requires corporations to be represented by counsel in the trial court at all times. (Doc. No. 563, filed on August 15, 2005). Counsel then appealed the Magistrate Judge's ruling. (Doc. No. 565 filed on August 15, 2005). After considering the appeal, this Court affirmed in part and reversed in part the Order of the Magistrate. (Doc. No. 566). The Court held that with respect to the Defendants who appeared in an individual capacity, Local Rule 2.03(d) was no bar to counsel's withdrawal, as individuals by right may appear *pro se* in this Court. (*Id.*) However, with respect to Integrated Computing, Inc., and SmartWeb Technology, Inc., these corporations, although represented on appeal by another law firm, would be left without trial counsel in violation of Local Rule 2.03(d) if counsel were permitted to withdraw. (*Id.*) Thus the Court denied counsel's Motion to Withdraw from the representation of the two corporate parties without prejudice to its reassertion if a notice of appearance for substitute counsel to represent such corporate party or parties in the trial court was filed. (*Id.*)

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief form judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). The decision to grant such relief is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id*. at 806. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Burger King Corp. v. Ashland Equities, Inc*., 181 F.Supp.2d 1366, 1369 (S.D.Fla.2002). There are three grounds for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or

prevent manifest injustice." *Id*. In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Id*. A motion for reconsideration should not be used to reiterate arguments previously made and authorities previously cited. *Id*. Reconsideration of a previous order is an extraordinary remedy which is to be employed sparingly by the courts. *Id*.

Counsel has raised new issues which warrant reconsideration of its Motion to Withdraw. First, counsel has produced evidence by affidavit that the disagreement between it and its clients has to do with the nonpayment of a substantial amount of legal fees. (Doc. No. 567-2, filed on September 6, 2005). Secondly, counsel has provided this Court with persuasive authority in which withdrawal from representation of corporate clients has been allowed under similar factual situations. (Doc. 567-1 at pp. 3-6).[2]

In light of this new information, especially the fact that counsel has been given express permission to withdraw from the representation by its corporate clients, the onus should be placed on the corporate clients to secure new legal counsel in the event of further proceedings in the trial court. Absent the granting of this motion, it is unlikely the corporate clients would engage other substitute counsel for they would be left to enjoy without payment the legal

---

[2] *See, e.g., Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.,* 310 F.3d 537 (7th Cir. 2002), (reversing a trial court ruling and holding that trial counsel may withdraw after the client had failed to pay over $470,000 in legal fees and made no efforts to engage new counsel or pay its existing legal fees). *See also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 950 (11th Cir. 1996) (noting without disapproval that "[the corporation's] counsel...withdrew from the case citing irreconcilable differences stemming from non-payment of legal fees. The [Southern District of Florida] directed Dominicana to secure new counsel on or before February 13, 1995, or risk sanctions.").

representation of current counsel.  *See Fid. Nat'l Title Insurance Co. V. Intercounty National Title Insurance*, Co.,  310 F.3d 537, 539 (7th Cir. 2002).

Thus, unless a notice of substitute counsel for trial court proceedings is filed by Integrated Computing, Inc. and SmartWeb Technology, Inc. on or before 3:00 p.m. on Thursday, October 20, 2005, a hearing will be held on counsel's Motion for Reconsideration on the Court's Order Regarding Attorney Withdrawal (Doc. No. 567) at 8:30 a.m. on Friday, October 21, 2005 in Courtroom I, 6th Floor of the Federal Building, 80 North Hughey Avenue, Orlando, Florida, 32801, before the undersigned Judge.  Counsel for the corporate defendants,  David Scott, President of Integrated Computing, Inc., and Michelle Farahbaksh, President of SmartWeb Technology, Inc. (or a duly authorized agent of each corporation who is empowered to comply with Orders of this Court and can be held in contempt in the event there is non-compliance with such Orders) shall be present in person at such hearing.  Counsel shall be prepared to provide the Court with a copy of the fee agreement and the amount of legal fees currently owed to it by Defendants.  The corporate defendants through their duly authorized agent(s) shall be prepared to discuss with the Court the terms and conditions for obtaining substitute counsel to represent it or them in this Court.  Ruling on counsel's Motion for Reconsideration (Doc. No. 567) is reserved until the hearing.

Done and Ordered in Orlando, Florida this 23rd day of September, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record