UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CROSSPOINTE, LLC,**

      **Plaintiff,**

-vs-                                       Case No. 6:03-cv-558-Orl-19JGG

**INTEGRATED COMPUTING, INC., a Florida corporation, SMARTWEB TECHNOLOGY, INC., a Florida corporation, DAVID SCOTT, BILL W. MERRYMAN, and MICHELLE FARAHBAKSH,**

      **Defendants.**

_____

**ORDER**

This case comes before the Court on the following:

1. Renewed Motion for Attorney's Fees on FDUTPA Claim, filed by Plaintiff CrossPointe, LLC, on November 10, 2006; (Doc. No. 599); and

2. Defendants' Opposition to Plaintiffs' [sic] Renewed Motion for Attorney's Fees, filed by Defendants Integrated Computing, Inc., SmartWeb Technology, Inc., David Scott, Bill W. Merryman, and Michelle Farahbaksh on November 30, 2006. (Doc. No. 606).

**Background**

This case arises from the copyright and business disputes between competitors

Plaintiff CrossPointe, LLC,[1] and Defendants Integrated Computing, Inc., SmartWeb Technology, Inc., David Scott, Bill Merryman, and Michelle Farabaksh regarding several computer software programs designed to assist primary and secondary school systems in their administrative functions.

From 1979 until October, 2002, Educational Data Resources, Inc. ("EDR") and its president, John Manoni, marketed, licensed and maintained a software system called Total Educational Resources Management System ("TERMS") which was specially designed to meet the administrative needs of school districts. (Doc. No. 431, filed on Sept. 17, 2004, pp. 4, 24, 27). EDR was the author of Application Environment 3.1, which performs the functions of security, help, control records and routing for the TERMS system and which was implemented in 1996. (*Id.* at 28).

David Scott was employed by EDR as a computer programmer from 1987 until June, 1992. (*Id.* at 27). In June, 1992, Scott formed Integrated Computing, Inc., and was its sole officer, director, and shareholder. (*Id.* at 26). EDR and Integrated had an agreement with respect to another software program, Facilities Management (consisting of the Fixed Assets and Warehousing modules), by which EDR would market and license the program to its customers and would pay Integrated ninety (90) percent of the amount received from such licenses while keeping the remaining ten (10) percent. (*Id.* at 25).

CrossPointe, Inc. was formed by Joan Keebler and Susan Johnson in November, 2000, as equal owners. (*Id.* at 24, 26). On September 30, 2002, through an Asset Purchase

---

[1] CrossPointe, LLC was substituted for CrossPointe, Inc. as Plaintiff in this action on December 11, 2003. (Doc. No. 132, filed on Dec. 11, 2003).

Agreement (APA) and by a unanimous vote of EDR's shareholders (including David Scott), CrossPointe, Inc. acquired assets of EDR, including specified TERMS software programs and software license and maintenance agreements with a number of school districts. (*Id*. at 24, 27). The APA specifically excluded Facilities Management from the transfer of assets. (Doc. No. 285, Ex. 4, p. 7). In 2003, CrossPointe, Inc. obtained copyright registrations for the TERMS modules Application Environment 3.1, Student Information 3.1, Human Resource Management 3.1, Human Resource Management 1.6, and Finance 3.1. (Doc. No. 431, p. 27).

In addition to serving as Integrated's sole officer and director, David Scott served as Vice President of SmartWeb Technology, Inc., formed in 1999 by Michelle Farahbaksh who was that company's President and sole director. (*Id*. at 26). From March 1, 2003, through June, 30, 2003, Bill Merryman served as Chief Executive Officer of SmartWeb and was employed part time from July 1, 2003, through August 31, 2003. (*Id*. at 27). SmartWeb marketed a number of software products to schools including a program called GradeBook.

In late 2003, a Florida state court appointed a receiver to manage CrossPointe, Inc. and ordered that the assets of that company be sold to a designee of either of the two equal owners, Joan Keebler or Susan Johnson. (*Id*. at 26). On November 17, 2003, CrossPointe, LLC, formed in August 2003 by Joan Keebler's husband, John Keebler, purchased the assets of CrossPointe, Inc. and became the successor in interest to that company. (*Id*. at 25, 26). After the purchase of assets from EDR in September, 2002, CrossPointe, Inc. and then CrossPointe, LLC continued to market the TERMS software to the educational market. (*Id*. at 24, 26). Joan Keebler was the President and Chief Executive Officer of CrossPointe,

LLC.  (*Id*. at 26).

CrossPointe[2] alleged in its nine count Second Amended Complaint that Defendants Integrated, Scott, SmartWeb, Farahbaksh, and Merryman had, *inter alia*, infringed its copyright in Application Environment 3.1 by copying and developing unauthorized derivative works, engaged in unfair competition, induced school districts to violate their TERMS license agreements by offering to provide maintenance and modified copies of the programs, and committed tortious interference with contractual relationships and advantageous business relationships.  (Doc. No. 188, filed on Jan. 26, 2004).  In their Second Amended Counterclaim, Defendants sought declaratory judgment that Application Environment 3.1 was a joint work, that Application Environment 3.1 infringed Facilities Management 2.1, that CrossPointe did not acquire ownership of Application Environment 3.1 through the APA, and that CrossPointe committed fraud on the Copyright Office in its application to register copyrights to Application Environment 3.1.  (Doc. No. 156, filed on Dec. 30, 2003).  The counterclaim further alleged that CrossPointe, Inc., CrossPointe, LLC, Joan Keebler, and John Keebler had infringed, *inter alia*, Integrated's copyrights in Facilities Management 2.1 and 3.1 and two other programs, AutoHost and Work Order, by copying, selling and developing derivative works, and had committed tortious interference with contractual relationships, breach of contract, breach of license, trade disparagement, and libel.  (*Id*.).

Prior to trial, the Court granted summary judgment in favor of Defendants on Counts

---

[2]   From this point forward the Court will refer to CrossPointe, Inc. and CrossPointe, LLC collectively as "CrossPointe" unless otherwise noted.

III and IV of the Second Amended Complaint (and, effectively, Count XIII of the Second Amended Counterclaim) when it ruled that 17 U.S.C. § 117 permitted school districts to hire whomever they chose to make modifications to the school districts' own copies of TERMS. (Doc. No. 457, filed on Sept. 30, 2004). Upon motion for reconsideration and clarification, the Court clarified that § 117 provided protection only to the extent that modifications or maintenance were performed on the TERMS copies in the possession of the school districts and that protection was not afforded for the distribution of new copies of the programs to the school districts. (Doc. No. 467, filed on Oct. 8, 2004). The Court denied all other summary judgment relief sought by the parties. (Doc. No. 457).

During the course of a seventeen-day trial, the Court granted Defendants' motion for directed verdict as to CrossPointe's claim that GradeBook infringed TERMS and granted John Keebler's motion to dismiss all claims against him. Having previously valued the damages on its copyright claims at almost $1.5 million[3] and its tortious interference claims at $93,800, CrossPointe requested damages of $3,000 on its copyright claims during its closing argument.[4] (Doc. No. 522, filed on Feb. 3, 2005, Ex. 29, Nov. 8, 2004, Trial Transcript, pp. 149–50). In their closing argument, Defendants requested a minimum of $5.8

---

[3] In the parties' Joint Final Pretrial Statement, CrossPointe valued the lost profits on its copyright claims at $249,507.50 against Integrated and $1,202,100.00 against SmartWeb. (Doc. No. 431, p. 16). The lion's share of the estimated damages against SmartWeb consisted of license and maintenance revenue related to GradeBook. (*Id.* at 18–19).

[4] In its closing argument to the jury, CrossPointe expressly requested damages of $3,000 for infringement by Work Order. It did not ask the jury for a specific dollar amount on its other copyright claims or its tortious interference claims during closing argument. (*E.g.*, Doc. No. 559, p. 5, n. 4).

million in compensatory plus punitive damages. (*Id*. at 212–16).  After receiving for deliberation twenty-two of the twenty-six total counts alleged in the Second Amended Complaint and the Second Amended Counterclaim, the jury found, in pertinent part:

- Integrated was not a joint author of Application Environment 3.1 (Interrogatory 1a), and CrossPointe did not defraud the Copyright Office in its filing of the Application Environment 3.1 copyright registration application (1b).

- David Scott and Integrated infringed CrossPointe's copyright in Application Environment 3.1 by unauthorized copying and that such infringement was willful (2a, 2c). No damages were awarded (2b).

- Scott, Integrated, SmartWeb and Farahbaksh were liable for infringement on Application Environment 3.1 through the unauthorized derivative works Work Order and Preventive Maintenance (3a). Scott, Integrated and SmartWeb were found to have willfully infringed (3c). Damages were awarded in the amount of $3,000 for the infringement by Work Order against Integrated only (3b).

- Defendants made an unauthorized offer to copy source code and distribute TERMS programs (4).

- Defendants engaged in unfair competition under federal law (5a) and deceptive and unfair trade practices (8). Defendants tortiously interfered with CrossPointe's contractual or business relationships (7a), for which damages were awarded only against Integrated in the amount of $3,000 (7b).

- CrossPointe did not infringe Facilities Management 2.1 (9a), Facilities Management 3.1 (12a), Work Order (13a) or AutoHost (14a).

- CrossPointe did not commit fraud against the Copyright Office in its application for registration of Student 3.1 (11). Integrated was not a joint author of Student 3.1 (10).

- CrossPointe breached its contract with Integrated with regard to the sale and maintenance of Facilities Management (19a). Damages were awarded against CrossPointe in the amount of $50,000 (19b).

(*E.g.,* Doc. No. 501, filed on Nov. 9, 2004)

Thereafter, the Court entered Final Judgment which reflected the jury's findings and the Court's previous rulings on summary judgment and directed verdict. (Doc. No. 517,

filed on Jan. 24, 2005).  Pursuant to § 502(a) of the Copyright Act as well as the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), the Court further granted injunctive relief in favor of CrossPointe and against Defendants due to "a probability of continuing or additional infringement,"[5] enjoining Defendants from copying or distributing such programs, from designing, marketing or selling unauthorized derivative works of such programs, and from offering to copy TERMS source code other than for the purpose of maintaining or modifying a school district-owned copy of the program.  (*Id*. at 26).

Subsequent to the Court's entry of final judgment in the instant case, CrossPointe moved for attorneys' fees and costs under FDUTPA and certain copyright claims, arguing that it was entitled to such fees as a prevailing party.  (Doc. No. 519, filed on February 2, 2005).  On July 18, 2005, the Court denied CrossPointe's motion without prejudice, finding that all pending appeals had not been exhausted and thus that the request for attorneys' fees was premature under Florida law.  (Doc. No. 559, p. 7).[6]

CrossPointe now renews its motion for attorneys' fees on its FDUTPA claim, arguing that it obtained a "favorable judgment" under the meaning of FDUTPA and Florida case law and that the adverse judgment against CrossPointe in one of the seventeen counterclaims does not negate such favorable judgment.  (Doc. No. 599, pp. 4-9).  For these reasons, CrossPointe seeks $28,500.00 in fees accrued by CrossPointe, Inc., and $245,000.00 in fees

---

[5] This Order was entered in part due to the acrimony and level of hostility demonstrated between the opposing parties and their respective counsel during the trial.  (*E.g*. Doc. No. 559, p. 6, n. 5).

[6] The Court denied CrossPointe's request for costs and attorneys' fees under the Copyright Act and Defendants' Motion for attorneys' fees and costs.  (Doc. No. 559, pp. 16-17).

accrued by CrossPointe, LLC.  (*Id*. at p. 11).

In response, Defendants argue that the Motion should be denied due to CrossPointe's failure to prevail on the heart of its FDUTPA claim and its further failure to recover a net judgment.  (Doc. No. 606, pp. 5-8).  Defendants further argue that CrossPointe seeks an excessive amount of attorneys' fees in the case at bar.  (*Id*. at pp. 9-10).

**Analysis**

FDUTPA provides that the prevailing party in a civil litigation involving a FDUTPA violation may receive reasonable attorneys' fees and costs from the non-prevailing party after final judgment in the trial court and after all appeals have been exhausted. § 501.2105, Florida Statutes; *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 114 (11th Cir. 1994).  The awarding of attorneys' fees under FDUTPA is not mandatory, and the entitlement to such an award is determined in the sound discretion of the trial court.  *E.g., JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F.Supp.2d 1283, 1291 (M.D. Fla. 2006). Several Florida state appellate courts have held that the attorney's fees provision of FDUTPA is in derogation of the common law and as such should be strictly construed. *Ghodrati v. Miami Paneling Corp.*, 770 So. 2d 181, 183 (Fla. 3d DCA 2000); *Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So. 2d 266, 269 (Fla. 1st DCA 1985); *see also Gimbel v. Int'l Mailing and Printing Co., Inc.*, 506 So. 2d 1081, 1082 (Fla. 4th DCA 1987).

The party moving for an award of attorneys' fees must have been awarded a "favorable judgment" in order to be deemed a "prevailing party" under FDUTPA.  *E.g., Ghodrati*, 770 So. 2d at 183.  In addition to demonstrating that it recovered judgment on its FDUTPA claim, to recover fees under Section 501.2105 the movant must also demonstrate

that it recovered a net judgment in the entire case. *Gardner v. Nimnicht Chevrolet Co.*, 532 So. 2d 26, 28 (Fla. 1st DCA 1988); *Heindel*, 476 So. 2d at 270. A favorable judgment is not limited to an award of monetary damages; a court may in its discretion award attorneys' fees to a party prevailing on a claim or claims for injunctive relief under FDUTPA. *Airflo A/C & Heating, Inc. v. Pagan*, 929 So. 2d 739, 742 (Fla. 2d DCA 2006).

In the instant case, CrossPointe has not demonstrated that it is entitled to an award of attorneys' fees under FDUTPA because it has failed to demonstrate that the circumstances of the instant litigation justify the awarding of attorneys' fees or that it has recovered a net judgment in the entire case. As previously found by the Court, the instant case presented a unique set of facts and circumstances featuring dozens of claims by each party, partial judgment for each party on motions for summary judgment and directed verdict, and a final judgment in which each party prevailed in part. The Court noted how the parties had contributed to the length and cost of the trial due to their lack of professionalism, gross overestimation of the value of their claims, and acrimonious behavior. (Doc. No. 559, pp. 11, 16). The Court also referenced the long history of close working relationships among some of the parties or their predecessors that gave way to such "knock-down drag-out litigation," and how "this lawsuit had as much to do with the personalities and prior relationships of the individual parties involved, the competitive posture of their companies, and the resulting animosity among them" as it had to do with the claims. (*Id*).

In addition to the many equitable factors which counsel against the awarding of attorneys' fees, CrossPointe has failed to demonstrate that it recovered a net judgment in the case at bar. The Court found Defendants were entitled to summary judgment on a substantial

portion of CrossPointe's FDUTPA claim prior to trial. (*See* Doc. No. 457). In addition, Defendants prevailed against CrossPointe on its breach of contract claim and was awarded $50,000.00 in damages, an amount over eight (8) times larger than CrossPointe's damage award in the instant case. (*See* Doc. No. 517). Thus, as both parties won and lost on significant issues in this highly contentious case, it is appropriate for the Court to deny CrossPointe's request for attorneys' fees. *See, e.g.*, *Heindel*, 476 So.2d at 270 (party which had obtained a directed verdict on FDUTPA claim but had suffered an adverse money judgment on other claims not entitled to attorneys' fees); *Lewis Oil Co., Inc. v. Milliken,* 711 So. 2d 636, 637 (Fla. 1st DCA 1998) (in case where each party prevailed on a claim, not an abuse of discretion to refuse to award costs because neither party truly prevailed); *Gimbel*, 506 So. 2d at 1084 (denying award where neither party prevailed).

As a further basis for denial of its request for attorneys' fees, CrossPointe's Motion is procedurally deficient. FDUTPA requires the attorney for the prevailing party to submit a sworn affidavit of his or her time spent on the case and costs incurred. § 501.2105, Florida Statutes. In the instant case, CrossPointe seeks to rely on the affidavits submitted by its counsel in support of the initial motion for attorneys' fees. (Doc. No. 599, pp. 10-11). However, in its renewed motion, CrossPointe seeks a different amount of attorneys' fees than the amount claimed in the initial motion, stating that it has eliminated claims for fees beyond the scope of a proceeding under FDUTPA. (*Id*. at p. 11). However, CrossPointe does not submit a new affidavit detailing the precise hours spent solely on its FDUTPA claims, an affidavit detailing which claimed fees survive its initial claim for fees and which claims have been withdrawn, or an affidavit stating that the claimed fees are reasonable.

Thus, CrossPointe has failed to present a basis for the Court to identify reasonable attorneys' fees related to its FDUTPA claim.

## Conclusion

Based on the foregoing, the Renewed Motion for Attorney's Fees on FDUTPA Claim, filed by Plaintiff CrossPointe, LLC, on November 10, 2006, (Doc. No. 599), is **DENIED**. The Clerk shall close this case.

**DONE and ORDERED** in Chambers in Orlando, Florida this 20th day of April, 2007.

*[Signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record